UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 23-426 (ADM/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| v. ) | AND SENTENCING |
| ) | STIPULATIONS |
| MARQUEZ DEMAR HILL-TURNIPSEED, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Marquez Demar Hill-Turnipseed (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with unlawful possession of a machinegun, in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2). The Defendant fully understands the nature and elements of the crime with which he has been charged. The United States agrees to move to dismiss Count 2 of the Indictment at the time of sentencing.

2. **Factual Basis.** The Defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On June 29, 2023, the Defendant knowingly possessed a Glock model 30 .45 caliber pistol bearing serial number LYN585. The firearm was equipped with an attached conversion device, commonly known as a "switch" or "auto sear," enabling it to be fired as a fully automatic weapon by a single function of the trigger, making it a machinegun as defined by 26 U.S.C. § 5845(a). The Defendant knew the firearm was equipped with a "switch" that made the firearm a machinegun when he knowingly and intentionally possessed the firearm.

The Defendant possessed the machinegun in his home in Brooklyn Center, Minnesota. Law enforcement officers discovered the machinegun during a search of the Defendant's home pursuant to a federal search warrant.

The Defendant agrees that he had no lawful authority to possess the machinegun, and that his possession of the machinegun was unlawful.

The Defendant admits and agrees that he knowingly possessed the machinegun on June 29, 2023. He further stipulates and agrees that he acted voluntarily, and that he knew his actions violated the law.

2

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights**. The Defendant understands that he has the right to go to trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and,

if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

5. **Additional Consequences.** The Defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum term of imprisonment of 10 years;

    b. a supervised release term of up to three years;

    c. a fine of up to $250,000;

    d. assessment to the Defendant of the costs of prosecution as authorized by 28 U.S.C. §§ 1918(b) and 1920; and

    e. a mandatory special assessment of $100.00.

7. **Revocation of Supervised Release.** The Defendant understands that if the Defendant were to violate any supervised release condition while on supervised release, the Court could revoke the Defendant's supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that the

Defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

> a. Base Offense Level. The parties agree that, because the offense involved a firearm that is described in 26 U.S.C. § 5845(a), and the Defendant was a prohibited person at the time the Defendant committed the offense, the base offense level for Count 1 of the Indictment is **20**. U.S.S.G. § 2K2.1(a)(4)(B).

> b. Specific Offense Characteristics. The United States contends that that, because the Defendant possessed the firearm in connection with another felony offense, the base offense level should be increased by **4** levels. U.S.S.G. § 2K2.1(b)(6)(B). The Defendant reserves the right to argue that the provision of U.S.S.G. § 2K2.1(b)(6)(B) do not apply. The parties agree that no other specific offense characteristics apply.

> c. Chapter 3 Adjustments. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

> d. Acceptance of Responsibility. The United States agrees to recommend that the Defendant receive a **2**-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the United States of his intention to enter a plea of guilty, the United States agrees to

recommend that the Defendant receive an additional **1**-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the United States' recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful Indictment to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the United States, pursuant to U.S.S.G. § 3E1.1, or § 3C1.1, or both, to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the Defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category **I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the Indictment currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the Indictment presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. <u>Guideline Range</u>.

In the view of the United States, the adjusted offense level is **21 (20 + 4 - 3)**. In criminal history category **I**, the Sentencing Guideline range for Count 1 would be **37–46** months' imprisonment.

6

In the view of the Defendant, the adjusted offense level is **17 (20 - 3)**. In criminal history category **I**, the Sentencing Guideline range for Count 1 would be **24–30** months' imprisonment.

g.   Fine. If the adjusted offense level is **21**, the applicable fine range is **$15,000** to **$150,000**. If the adjusted offense level is **17**, the applicable fine range is **$10,000** to **$95,000**. U.S.S.G. § 5E1.2(c)(3).

h.   Supervised Release. The Sentencing Guidelines call for a term of supervised release of between one and three years for Count 1. U.S.S.G. § 5D1.2(a)(2).

9.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10.   **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable

Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

11. **Special Assessments**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees that the special assessment is due and payable at the time of sentencing.

12. **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the Defendant's violation of Title 18, United States Code, Section 922, including specifically but not limited to the Glock model 30 .45 caliber pistol bearing serial number LYN585, equipped with an attached conversion device, commonly known as a "switch" or "auto sear," charged in Count 1 of the Indictment, together with ammunition.

The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The Defendant waives

all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

13. **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment above **46** months' imprisonment. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel, or upon future retroactive and substantive changes to the law.

The Defendant has discussed these rights with the Defendant's attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the United States may appeal the substantive reasonableness of a term of imprisonment below **24** months' imprisonment.

14. **FOIA Requests.** The Defendant waives all rights to obtain, directly or through others, Indictment about the investigation and prosecution

of this case under the Freedom of Indictment Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** The Defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 10/04/2023

ANDREW M. LUGER
United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 10/4/2023

MARQUEZ DEMAR HILL-TURNIPSEED
Defendant

Dated: 10/4/2023

CHARLES CONNOR CREMENS
Counsel for Defendant

10